**DENNY'S, INC., in its fiduciary capacity as plan administrator; Denny's, Inc., Vacation Pay Plan; Andrew F. Green, in his capacity as trustee of the Denny's, Inc. Employee Benefits Trust; and Denny's, Inc. Employee Benefits Trust, Plaintiffs,**

v.

**Chuck CAKE, in his capacity as Acting Director of the California Department of Industrial Relations and Arthur Lujan, in his capacity as the Labor Commissioner of the State of California, Defendants.**

No. CIV.A. 702–2968–20.

United States District Court,
D. South Carolina,
Spartanburg Division.

Feb. 27, 2003.

Perry D. Boulier, Esquire, Holcombe, Bomar, Gunn and Bradford, P.A., Spartanburg, SC, for Plaintiff/Petitioner.

Miles E. Locker, Esquire, Susan A. Dovi, Esquire, Division of Labor Standards Enforcement, Department of Industrial Relations, State of California, Wendy B. Cartledge, Esquire, General Counsel, S.C. Department of Labor, Licensing and Regulation, for Defendant/Respondent.

## ORDER

HERLONG, District Judge.

This matter is before the court on the defendants' motion to dismiss pursuant to Rule 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants the defendants' motion to dismiss.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Denny's, Inc. ("Denny's") is a national restaurant chain that employs approximately thirty thousand people. Denny's, with its principal place of business in Spartanburg, South Carolina, maintains and administers the Denny's, Inc. Vacation Pay

Plan ("Plan") and the Denny's, Inc. Employee Benefits Trust ("Trust"). Andrew F. Green ("Green") is the trustee of the Trust. The Plan and the Trust are located and administered in South Carolina.

The Plan provides that a salaried employee cannot use vacation days until after the completion of six months of continuous service with Denny's. (Compl. at 6.) Similarly, an hourly employee cannot use vacation days until the completion of one year of continuous service. (*Id.* at 6–7.) The plaintiffs allege that the Plan and the Trust are governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001, *et seq.* California Labor Code Section 227.3 is in conflict with the Plan's vacation policy. California Labor Code Section 227.3 states:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

Cal. Lab.Code § 227.3.

On July 11, 2001, the plaintiffs received a letter from Susan A. Dovi ("Dovi"), a staff attorney working for defendants Chuck Cake ("Cake"), Acting Director of the California Department of Industrial Relations, and Arthur Lujan ("Lujan"), Labor Commissioner of the State of Cali-

fornia, in which Dovi states the Plan and the Trust are not employee welfare benefit plans covered under ERISA and that they violate section 227.3 of the California Labor Code. (Compl. at 6.) In the July 11, 2001, letter Dovi further states that the California Department of Labor Standards Enforcement intends to file a lawsuit "seeking unpaid vacation benefits and penalties for all former California employees of Denny's for a four-year period of time." (*Id.*)

On September 6, 2002, the plaintiffs filed the instant lawsuit seeking a declaratory judgment and injunctive relief. Specifically, the plaintiffs ask the court to declare that the Plan and the Trust are governed by ERISA and that ERISA preempts section 227.3.[1] (Compl. at 10.) In addition, the plaintiffs seek preliminary and permanent injunctive relief barring the defendants from taking action to enforce section 227.3 against Denny's. (*Id.*) On September 24, 2002, the defendants filed a claim against Denny's in California state court seeking to enforce section 227.3.

## II. LEGAL DISCUSSION

■ Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the defendants move to dismiss for lack of personal jurisdiction. Specifically, the defendants challenge the application of 29 U.S.C. § 1132(e)(2) as the basis for personal jurisdiction. "[C]ourts address issues relating to personal jurisdiction before reaching the merits of the plaintiff[s'] claims." *Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 270 (D.S.C.1999). When personal jurisdiction is challenged by the

---

**1.** In addition, the plaintiffs ask the court to declare that a prior order of the United States District Court in *California Hosp. Ass'n v. Henning*, 569 F.Supp. 1544 (C.D.Cal.1983), precludes the defendants from enforcing section 227.3 and from asserting that ERISA

does not preempt section 227.3. Because the court's resolution of the instant motion does not involve the plaintiffs' request with regard to *Henning*, the court merely notes this prayer for relief.

defendant, a plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). "When a district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, [p]laintiffs need only prove a *prima facie* case of personal jurisdiction." *Sadighi*, 36 F.Supp.2d at 270. In making this determination, the court looks to the complaint and any supporting affidavits. *See In re Celotex Corp.*, 124 F.3d at 628. Furthermore, the court will construe factual allegations in favor of the plaintiff. *See id.* While most personal jurisdiction challenges involve a factual analysis, the personal jurisdiction challenge in this case turns on a legal determination.

The analysis begins with ERISA § 502(e)(2), which states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). The interpretation of this statute is not in dispute.[2] Instead, the question before the court is whether ERISA § 502(e)(2) applies to this case. If it does not, it seems apparent that the court cannot exercise personal jurisdiction over the defendants.[3]

■ As the United States Court of Appeals for the Sixth Circuit noted, "[p]ersonal jurisdiction under [ERISA § 502(e)(2) ] depends on subject matter jurisdiction under [ERISA § 502(a)(3) ]." *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 524 (6th Cir.2000).[4] In other words, ERISA § 502(e)(2) applies and therefore personal jurisdiction exists only if the plaintiffs' claims fall within ERISA's civil enforcement provision, specifically ERISA § 502(a)(3).[5] ERISA § 502(a)(3) states:

> A civil action may be brought—by a . . . fiduciary . . . to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). Assuming for this analysis the plaintiffs are ERISA fiducia-

**2.** In *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir.1997), the United States Court of Appeals for the Fourth Circuit states: "Where . . . Congress has authorized nationwide service of process . . . so long as the assertion of jurisdiction over the defendant is compatible with due process, the service of process is sufficient to establish the jurisdiction of the federal court over the person of the defendant." In this context, due process is satisfied if an exercise of personal jurisdiction would not be of "such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy of allowing the assertion of *in personam* jurisdiction." *Id.* at 627. In addition, judicial efficiency is considered in this analysis. *See id.*

**3.** Without the benefit of ERISA § 502(e)(2), the plaintiffs are forced to satisfy the tradi-

tional two-prong test for personal jurisdiction. *See generally Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because there is nothing in the record to even suggest the plaintiffs could establish the defendants had minimum contacts with South Carolina, the court declines to request additional briefing on this issue.

**4.** As in *Jefferson*, the plaintiffs assert a cause of action pursuant to ERISA § 502(a)(3). (Compl. at 3.)

**5.** ERISA's civil enforcement provision is ERISA § 502(a). ERISA § 502(a) creates "a series of express causes of action in favor of participants, beneficiaries, and fiduciaries of ERISA-covered plans, as well as the Secretary of Labor." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

ries, the question becomes whether the requested injunctive and declaratory relief falls within ERISA § 502(a)(3). The plaintiffs, as ERISA fiduciaries, are requesting the court to declare that section 227.3 is preempted by ERISA and to therefore enjoin state officials from enforcing the provision. The question is whether such an action falls within ERISA § 502(a)(3).[6] The court finds that it does not.

An analysis of whether the plaintiffs' claims fall within ERISA § 502(a)(3) begins with a discussion of subject matter jurisdiction. ERISA § 514 states, subject to exceptions, that all state laws which relate to an ERISA plan are preempted by ERISA. *See* 29 U.S.C. § 1144. If the plaintiffs raise ERISA § 514 as a defense in the California state action, the plaintiffs will not be able to remove the case to federal court. *See Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 186–87 (4th Cir.2002) (holding that the doctrine of complete preemption, not ERISA § 514, gives rise to removal jurisdiction). Therefore, the question is whether raising the ERISA § 514 defense in the form of a declaratory judgment action changes this analysis. Specifically, the court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendants.

We start with a review of the United States Supreme Court's opinion in *Franchise Tax Board.* In *Franchise Tax Board,* the Franchise Tax Board of California filed suit in state court against the Construction Laborers Vacation Trust for Southern California ("CLVT") to enforce certain California tax provisions and alleged a claim pursuant to the California Declaratory Judgment Act seeking a declaration that ERISA did not preempt the

California tax laws at issue. 463 U.S. at 5–7, 103 S.Ct. 2841. In that case, the CLVT was "unquestionably an employee welfare benefit plan" under ERISA. *Id.* at 5, 103 S.Ct. 2841. The case was removed to federal court, and on appeal the United States Supreme Court determined that removal jurisdiction did not exist. *See id.* at 4, 103 S.Ct. 2841.

The Supreme Court noted "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States" and stated that anticipation of a federal defense does not confer federal question jurisdiction. *Id.* at 8, 10, 103 S.Ct. 2841. Because both of the plaintiff's causes of action arose under state law, the Court determined that "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 13, 103 S.Ct. 2841. Discussing the declaratory judgment cause of action, the Court stated: "Whereas the question of federal pre-emption is relevant to appellant's first cause of action only as a potential defense, it is a necessary element of the declaratory judgment claim." *Id.* at 14, 103 S.Ct. 2841. The Court went on to state that "it is clear on the face of its well-pleaded complaint that [the Franchise Tax Board] may not obtain the relief it seeks in its [declaratory judgment] cause of action ... without a construction of ERISA and/or an adjudication of its pre-emptive effect and constitutionality—all questions of federal law." *Franchise Tax Board,* 463 U.S. at 14, 103 S.Ct. 2841.

**6.** While the court notes that the plaintiffs ask the court to declare the Plan and the Trust are an employee welfare benefit plan under ERISA, the court finds that the crux of the plaintiffs' requested declaratory judgment relief is the issue of preemption and, more specifically, the application of ERISA § 514.

After holding that the doctrine set forth in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), applied to state declaratory judgment actions, the Court applied *Skelly Oil Co.* to the facts of the case. *Franchise Tax Board*, 463 U.S. at 15–22, 103 S.Ct. 2841. "*Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" *Id.* at 16, 70 S.Ct. 876 (internal quotation omitted).

In a footnote, the Court went on to quote dicta from its opinion in *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 97 L.Ed. 291 (1952):

Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.

*Franchise Tax Board*, 463 U.S. at 16 n. 14, 103 S.Ct. 2841 (quoting *Wycoff*, 344 U.S. at 248, 73 S.Ct. 236.) "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Id.* at 19, 103 S.Ct. 2841.

However, in applying the rule of *Skelly Oil* to the facts in *Franchise Tax Board*, the Court stated:

There are good reasons why the federal courts should not entertain suits by the States to declare the validity of their regulations despite possibly conflicting federal law. States are not significantly prejudiced by an inability to come to federal court for a declaratory judgment in advance of a possible injunctive suit by a person subject to federal regulation. They have a variety of means by which they can enforce their own laws in their own courts, and they do not suffer if the pre-emption questions such enforcement may raise are tested there. The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties, ... as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes. It did not go so far as to provide that any suit *against* such parties must also be brought in federal court when they themselves did not choose to sue. The situation presented by a State's suit for a declaration of the validity of state law is sufficiently removed from the spirit of necessity and careful limitation of district court jurisdiction that informed our statutory interpretation in *Skelly Oil* ... to convince us that, until Congress informs us otherwise, such a suit is not within the original jurisdiction of the United States district courts. Accordingly, the same suit brought originally in state court is not removable either.

*Id.* at 21–22, 103 S.Ct. 2841. While this language is not particularly relevant because a state is not the plaintiff in the case

currently before the court, it leads to the Court's discussion of the doctrine of complete preemption.

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). A federal defense does not give rise to federal question jurisdiction and therefore cannot be the basis for removal. *See id.* Federal preemption is ordinarily a federal defense. *See id.* Congress, however, can choose to "completely pre-empt a particular area [so] that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. 1542. Complete preemption forms an exception to the well-pleaded complaint rule. *See Lancaster v. Kaiser Found. Health Plan of Mid–Atlantic States, Inc.,* 958 F.Supp. 1137, 1143 (E.D.Va.1997) ("[T]he doctrine of 'complete preemption' ... permits removal of an otherwise non-federal action if the asserted state claims conflict with a federal statutory scheme.").

In the context of ERISA, the doctrine of complete preemption dictates that "any state action coming within the scope of § 502(a) of ERISA would be removable to federal district court, even if an otherwise adequate state cause of action were pleaded without reference to federal law." *Franchise Tax Board,* 463 U.S. at 24, 103 S.Ct. 2841; *see also Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. 1542. In *Franchise Tax Board,* the Court held that the Franchise Tax Board's action for declaratory judgment relief did not fall under ERISA § 502(a) and therefore was not removable on the basis of complete preemption. This conclusion was based specifically on the language of ERISA § 502(a). For these reasons, the Court found that it lacked removal jurisdiction and remanded the case to state court.

In an opinion issued on the same day, the Supreme Court in *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 92, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), reviewed declaratory judgment actions by various employers against state agencies seeking a declaration that the state Human Rights Law was preempted by ERISA. In doing so, the Court distinguished *Franchise Tax Board* by stating:

> The Court's decision today in *Franchise Tax Board v. Construction Laborers Vacation Trust* ... does not call into question the lower court's jurisdiction to decide these cases. *Franchise Tax Board* was an action seeking a declaration that state laws were *not* preempted by ERISA. Here, in contrast, companies subject to ERISA regulation seek injunctions against enforcement of state laws they claim *are* preempted by ERISA, as well as declarations that those laws are pre-empted.

*Id.* at 96 n. 14, 103 S.Ct. 2890. The Court also stated:

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Id.* (internal quotation omitted).

In *Provident Life & Accident Ins. Co. v. Waller,* 906 F.2d 985, 991 (4th Cir.1990), the Fourth Circuit stated "[w]e read *Franchise Tax Board* and *Delta Air Lines* to provide at a minimum, ... for federal question jurisdiction under ERISA where the issue presented, whether it be the creation of federal common law or the

interpretation of a specific ERISA provision, is of central concern to the statute." *Id.* (internal citation and quotation omitted). In other words, the Fourth Circuit determined that the court had jurisdiction over the claims in the case even though they fell outside of ERISA's civil enforcement provision because ERISA's federal common law establishes 'arising under' jurisdiction in limited circumstances. *See id. But see Darcangelo,* 292 F.3d at 187 ("[W]hen ERISA is simply asserted as a defense to a state law claim, the state law claim is not converted into a federal claim and there is no federal question [jurisdiction]."). *See generally Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. 1542 (holding that claims which fall within ERISA § 502(a) are removable to federal court).

Assuming the court has subject matter jurisdiction based on 28 U.S.C. § 1331 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, rather than ERISA § 502(a), the court is still faced with the issue of personal jurisdiction.[7] The answer to this question depends solely on whether the plaintiffs' claims fall within ERISA's civil enforcement provision. As fiduciaries, the plaintiffs are proper parties to bring suit under ERISA § 502(a)(3). Further, in addition to providing for injunctive relief, ERISA § 502(a)(3) "has been interpreted as creating a cause of action for a declaratory judgment." *Jefferson,* 218 F.3d at 529 (internal quotation omitted). The focus, therefore, is on the nature of the relief and the question is whether a suit based on ERISA § 514 enforces ERISA. The court in *Jefferson* found that it did not, and the court agrees.

"On its face, [ERISA § 514] does not prohibit filing a state law claim preempted by ERISA in state court, nor does it seem readily enforceable by injunctive or declaratory relief." *Id.* As the *Jefferson* court notes, a variety of provisions of ERISA "lend themselves to 'enforcement' in an action brought under [ERISA § 502(a)(3) ] because they place specific duties on specific persons. [ERISA § 514], by contrast, does not." *Id.* (internal quotation omitted). The *Jefferson* court goes on to state:

The ERISA provision that [the plaintiff] purports to be enforcing is [ERISA § 514], a provision that this court has determined does not create a federal cause of action itself. It would thus be anomalous if an action to enforce [ERISA § 514] were a federal cause of action [under ERISA § 502(a) ]. Given that [the defendant] bringing a state court suit does not violate [ERISA § 514], [the plaintiff's] action to block that suit cannot enforce [ERISA § 514].... [The defendant] has not violated the Plan or ERISA by merely filing suit, so there is nothing for [the plaintiff] to enforce under the aegis of [ERISA § 502(a)(3) ].... If ERISA does not prohibit the *filing* of preempted claims in state court, then injunctive and declaratory relief against those state court proceedings is not available under ERISA.

*Id.* at 529–30. *But see Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 380 (6th Cir.1993) (holding that a claim by plaintiffs for "injunctive or declaratory relief to prevent future collection" of tax levies falls under ERISA's civil enforcement provision).

Applying the *Jefferson* court's reasoning to the facts in this case leads the court to conclude that the plaintiffs' claims do not fall under ERISA § 502(a)(3). This con-

---

7. The defendants also cite *Int'l Assoc. of Entrepreneurs of America v. Angoff,* 58 F.3d 1266 (8th Cir.1995), in support of their motion to dismiss. Although thought provoking, *Angoff* is not directly relevant to whether the plaintiffs' claims fall within ERISA's civil enforcement provision, the lynchpin of personal jurisdiction in this case.

clusion is not changed by the fact that the plaintiffs ask both for a declaration that the Plan and the Trust are employee welfare benefit plans under ERISA and that section 227.3 is preempted. It is important to note in distinguishing *Thiokol* that the plaintiffs in this case ask for "preliminary and permanent injunctions barring Defendants from taking any action to enforce California law against Plaintiffs with regard to the Plan and the Trust." (Compl. at 10.) In *Thiokol*, the plaintiffs asked for a declaration that certain tax levies were preempted by ERISA and for an injunction prohibiting the collection of certain taxes. 987 F.2d at 378. *Thiokol* held only that the plaintiffs' claim for injunctive relief fell under ERISA.[8] The plaintiffs in this case are not asking for an injunction against the enforcement of section 227.3 but for an injunction preventing the defendants from bringing suit against the plaintiffs. In essence, the plaintiffs are asking the court to enforce ERISA § 514, a claim which does not fall within ERISA § 502(a)(3).

The court recognizes that the facts of *Jefferson* are easily distinguishable from the facts at hand. In *Jefferson*, the plaintiff, a third-party ERISA plan administrator, in anticipation of a malpractice suit by an ERISA beneficiary, sued the beneficiary seeking a declaration that any state malpractice claims would be preempted by ERISA. In this case, the plaintiffs, in anticipation of a lawsuit to enforce a state statute, filed suit asking the court to declare that the state statute is preempted by ERISA. However, the court finds that any factual distinction does not affect the application of the *Jefferson* Court's reasoning.

The court also finds *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir.1987), to

be instructive. In *Gulf Life Insurance*, after an ERISA beneficiary filed a claim for benefits, Gulf Life Insurance Company filed suit seeking a declaration with regard to its liability. In doing so, Gulf Life Insurance Company invoked ERISA's nationwide service of process provision to obtain personal jurisdiction. In reviewing personal jurisdiction, the United States Court of Appeals for the Eleventh Circuit noted that "nationwide service of process is available only if the suit is 'an action under *this subchapter.*'" *Gulf Life*, 809 F.2d at 1523. The *Gulf Life* court held that the plaintiff's declaratory judgment action was neither a suit for equitable relief nor a suit to enforce the plan or subchapter. *See id.* "The purpose essential to section 1132(a)(3)(B) is to enforce the terms of the plan or ERISA...." *Id.*

"Moreover, an action to enforce means an action to compel someone to do something or not to do something, such as make contributions, that ERISA or the plan requires be done or not done." *Id.* "[C]ivil action under ERISA are limited only to those parties and actions Congress specifically enumerated in section 1132." *Id.* at 1524. The plaintiffs argue and the court agrees that the facts of *Gulf Life* are easily distinguishable from this case. However, as in *Jefferson*, the reasoning that claims must fall within ERISA's civil enforcement provision in order to be subject to ERISA § 502(e)(2) still applies.

After review, the court determines that while it may have subject matter jurisdiction over the case, it lacks personal jurisdiction over the defendants. Specifically, the court finds that ERISA § 502(e)(2) cannot be used to exercise personal jurisdiction over the defendants because the plaintiffs' claims do not fall within

**8.** Because the Eleventh Amendment barred the suit with regard to the first part of plaintiffs' claim, the court did not reach the issue of whether that claim was brought under ERISA.

ERISA's civil enforcement provision. Because it is clear from the record before the court that the plaintiffs cannot establish a *prima facie* case of personal jurisdiction without ERISA § 502(e)(2), the court grants the defendants' motion to dismiss for lack of personal jurisdiction.

Therefore, it is

**ORDERED** that the defendants' motion to dismiss for lack of personal jurisdiction is granted.[9]

**IT IS SO ORDERED.**

9. Because the court dismisses the case for lack of personal jurisdiction, the court declines to address the defendants' remaining arguments.